J. M. STEPHENS, ET AL. *v.* J. B. WILLIAMSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—985.]

**Power of Legislature to Regulate Jurisdiction of Justices of Peace.**

The legislature has an unlimited right to regulate the jurisdiction

of justices of the peace, but can not abolish such office. It may legally provide that their compensation for such services as may be performed shall be a salary instead of fees.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### May 5, 1883.

OPINION BY JUDGE HINES:

An act of the legislature approved February 21, 1880, (I Acts 1879, ch. 273), gave to the city court of Louisville exclusive jurisdiction in all unindictable misdemeanor cases, constituted the court an examining court, and provided that no warrant of arrest for misdemeanor should be issued except by the clerk of the court or his deputy.

This action is brought by certain magistrates, within the city limits, claiming that by the execution of this law by the city authorities they are deprived of the right to earn the fees taxable in such cases, and to which they are entitled by virtue of their several offices.

The principal objection to the ruling of the court below in sustaining a demurrer to the petition is that the Act of February 21, 1880, is unconstitutional because justices of the peace are constitutional officers and as such entitled to exercise the jurisdiction pertaining to that position at the time of the adoption of the constitution. This is error. The legislature has an unlimited right to regulate the jurisdiction of such officers, not to extend to abolishment, and in fact to provide that their compensation for such services as may be performed shall be paid in a salary instead of fees as was provided, and as in the case of clerk's their fees may at any time be regulated by the legislature.

Judgment *affirmed*.

*Elliott & Hemminggray, for appellants.*